NUMBER 13-98-534-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


FRED FRICKS, Appellant,


v.



TOMMY HANCOCK AND

CAROLYN SUE HANCOCK, Appellees.

____________________________________________________________________


On appeal from the 24th District Court of Refugio County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez(1)


Opinion by Justice Yañez


 This is an appeal from a summary judgment granted in favor of
appellees, Tommy and Carolyn Sue Hancock, in a lawsuit arising from
a boundary line dispute with appellant, Fred Fricks. We affirm.

Background

 Fricks purchased a parcel of land out of the B. H. Hornburg Survey
in Refugio County, Texas, in 1994. In August of 1996, the Hancocks
purchased a parcel of property lying to the north of Fricks's property,
described as "Farm Tract 140" of the Bayside Colony. The metes and
bounds descriptions of the two properties overlap, and it is the property
contained within this overlap that is in dispute in this case. Fricks filed
suit against the Hancocks, alleging that he owned the disputed property
and contending that the Hancocks had unlawfully entered upon and
dispossessed him of the property. Fricks argued that the Hancocks'
claim on the property was a cloud upon his title and requested that the
court award him title to, and possession of, the disputed property. The
Hancocks filed an answer and counterclaimed for slander of title,
tortious interference with business relations, and infliction of emotional
distress. Fricks then filed an answer to the counterclaim.

 The Hancocks filed a motion for summary judgment, arguing that
Fricks could not sustain his action against them. Fricks responded to
the summary judgment motion, attaching two affidavits, as well as
other evidence, to the response. The Hancocks then filed a supplement
to their summary judgment motion, in which they objected to portions
of the two affidavits attached to Fricks's response.

 After a hearing on the summary judgment motion and the
Hancocks' objections to the affidavits, the trial court issued an order
striking portions of the affidavits and granting summary judgment for
the Hancocks. Fricks filed a motion for new trial, which was denied. 
On September 22, 1998, the trial court severed Fricks's causes of action
against the Hancocks into a separate action with a separate cause
number. The severance order grants the Hancocks final judgment on
all claims asserted by Fricks and orders that Fricks take nothing from
the Hancocks. This appeal followed.(2)

 In his first issue, Fricks argues that the trial court erred in striking
portions of the affidavits attached to his response to the Hancocks'
summary judgment. 

The Admissibility of the Affidavits

 The standards for determining the admissibility of evidence in a
summary judgment proceeding are the same as those applied in a
regular trial. United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex.
1997). Decisions about the admissibility of evidence are left to the
sound discretion of the trial court. Owens-Corning Fiberglass Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998); Gee v. Liberty Mut. Fire Ins.
Co., 765 S.W.2d 394, 396 (Tex. 1989); Pegasus Energy Corp. v.
Cheyenne Petroleum Co., 3 S.W.3d 112, 133 (Tex. App.--Corpus Christi
1999, pet. denied). A trial court abuses its discretion when it acts
without regard for any guiding rules or principles. City of Brownsville
v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995). To obtain reversal of a
judgment based on error in the admission or exclusion of evidence,
appellants must show that the trial court committed error, and that the
error was reasonably calculated to cause and probably did cause the
rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); McCraw
v. Maris, 828 S.W.2d 756, 758 (Tex. 1992); Gee, 765 S.W.2d at 396;
Pegasus Energy Corp., 3 S.W.3d at 133; Downen v. Texas Gulf Shrimp
Co., 846 S.W.2d 506, 512 (Tex. App.--Corpus Christi 1993, writ
denied). 

 Fricks's answer to the Hancocks' summary judgment motion was
supported by Fricks's own affidavit and the affidavit of Delbert Cox, the
attorney who represented the former owners, the Beecklers, when they
sold the disputed property to Fricks. The Hancocks objected to Fricks's
affidavit, arguing that it contained hearsay, and objected to Cox's
affidavit, claiming it contained legal opinions and conclusions, and
violated the parol evidence rule.

The Fricks Affidavit. The portion of the Fricks affidavit to which the
Hancocks objected as hearsay, and which was stricken by the court,
reads as follows:

 When I purchased part of the BH HORNBURG Survey
of 257.7 acres of land, also known as the S. F. 14980 in
Refugio County, I was told that the exception number 3 in
my deed was there only for notification of any overlap in the
boundary of the BH HORNBURG Survey and the Bayside
Colony. I was told it was excepted in my deed because
MARTHA HORNBURG BEECKLER and her husband, GEORGE
BEECKLER, were not warranting title to that portion of the
257.7 acres that is overlapped by the Bayside Colony. I
personally told Tommy Hancock, Defendant [sic] prior to his
purchasing of Farm Tract 140 that there was a boundary
dispute and that I was claiming ownership of the land in
dispute.


 Hearsay is an out-of-court statement offered in evidence to prove
the truth of the matter asserted. Tex. R. Evid. 801(d). The portions of
the Fricks affidavit to which the Hancocks objected are statements
which were made out of court and are offered for the truth of the
matters asserted by the statements. The statements were offered to
prove that the grantors included exception number three in the deed for
notification purposes and as a limit on the grantor's warranty. This is
inadmissible hearsay. Tex. R. Evid. 802. The trial court did not err in
striking this part of the Fricks affidavit.

The Cox Affidavit. The portion of the Cox affidavit to which the
Hancocks objected and which was stricken by the court reads as
follows:

 There were several exceptions included in the deed. 
There were not any reservations in the deed. The granting
clause was unlimited.

 The third exception in the deed, labeled number "3"
was only included to insure that the BEECKLERS were not
warranting title to FRICKS against any claim regarding the
Bayside Colony. This exception did not limit the grant to
FRICKS. This exception did not reserve title to the
BEECKLERS of any property of Bayside Colony that lies
within the BH HORNBURG SURVEY.


The statements that there were several exceptions, but no reservations
in the deed, and that the granting clause was unlimited, are conclusory. 
The statements that the exception did not limit the grant and did not
reserve title are also conclusory. Conclusory assertions are not
competent summary judgment evidence. Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984); Cox v. Galena Park Indep. Sch. Dist., 895
S.W.2d 745, 748 (Tex. App.--Corpus Christi 1995, no writ). 

 The statement that the third exception was included as a
limitation of warranty is parol evidence offered to explain the terms of
the deed. Parol evidence is inadmissible to explain the terms of a deed
unless the deed is ambiguous on its face. Terrill v. Tuckness, 985
S.W.2d 97, 101 (Tex. App.--San Antonio 1998, no pet.); Massey v.
Massey, 807 S.W.2d 391, 405 (Tex. App.--Houston [1st. Dist.] 1991),
writ denied, 867 S.W.2d 766 (Tex. 1993); see Rutherford v. Randal, 953
S.W.2d 949, 952 n.4 (Tex. 1980)(unless raised in a suit for reformation,
or where party pleads fraud, accident, or mistake, extrinsic evidence is
not admissible unless ambiguity appears on the face of the deed). As
we discuss below, this deed is not ambiguous. Therefore, extrinsic
evidence is inadmissible to interpret the meaning of the deed. The trial
court did not err by striking the portions of the Cox affidavit to which
the Hancocks objected. Issue number one is overruled.

 With his second issue, Fricks contends that the trial court erred in
granting summary judgment for the Hancocks.

Summary Judgment Standard of Review

 The Hancocks filed a motion for a "traditional" summary
judgment. See Tex. R. Civ. P. 166a(c). In a traditional summary
judgment proceeding, the standard of review on appeal is whether the
movant at the trial level carried the burden of showing that no genuine
issue of material fact existed and that judgment should be granted as
a matter of law. American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997); Nixon v. Mr. Property Management Co., Inc., 690
S.W.2d 546, 548 (Tex. 1985). The question on appeal is not whether
the summary judgment proof raises fact issues as to the required
elements of the movant's cause or claim, but whether the summary
judgment proof establishes, as a matter of law, that there is no genuine
issue of material fact as to one or more elements of the nonmovant's
cause or claim. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828
(Tex. 1970); Noriega v. Mireles, 925 S.W.2d 261, 266 (Tex. App.--Corpus Christi 1996, writ denied). In resolving the issue of whether the
movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including
any doubts, must be resolved in the non-movant's favor. Nixon, 690
S.W.2d at 548-49; Noriega, 925 S.W.2d at 266. If a summary judgment
order does not specify the ground or grounds relied on for the ruling,
summary judgment will be affirmed on appeal if any of the theories
advanced are meritorious. State Farm Fire and Casualty Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993).

The Hancocks' Summary Judgment Motion

 In their summary judgment motion, the Hancocks argued that
Fricks's suit was an action for trespass to try title and a suit to quiet
title.(3) Both of these causes of action require that the plaintiff establish
superior title as an element of his claim, and the Hancocks argued that
Fricks failed to carry this burden. The Hancocks further argued that
Fricks failed to "prove a prima facie right of title and possession" to the
disputed property, and this failure would also defeat his claim. Thus,
the Hancocks argued that they had negated at least one element of
Fricks claim. The trial court granted summary judgment with an order
that did not specify the ground or grounds relied on for the ruling.

 Trespass to try title and suit to quiet title are two different causes
of action. Trespass to try title is statutory, and has specific pleading
requirements. Tex. Prop. Code Ann. § 22.001 (Vernon 2000); Tex. R. Civ.
P. 783. A suit to quiet title is an equitable action. Katz v. Rodriguez,
563 S.W.2d 627, 629 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd
n.r.e.). A plaintiff in a suit to quiet title must prove and recover on the
strength of his own title, not the weakness of his adversary's title. 
Alkas v. United Sav. Ass'n of Texas, Inc., 672 S.W.2d 852, 857 (Tex.
App.--Corpus Christi 1984, writ ref'd n.r.e). A plaintiff in a trespass to
try title suit also must rely upon the strength of his own title, not upon
the weakness of the defendant's. Hunt v. Heaton, 643 S.W.2d 677,
679 (Tex. 1983). The Hancocks argued that Fricks cannot carry these
burdens because his deed is subject to the boundary of the Bayside
Colony.

Fricks's Deed

 Fricks gained title to his property through a general warranty deed
from Martha Hornburg Beeckler and her husband, George Beeckler. 
The deed states that it grants to Fred Fricks the part of the B.H.
Hornburg Survey known as S. F. 14980. Following the paragraph
describing the property, the deed states:

This grant and conveyance is expressly made subject to the
following:


 1. Reservation of 1/16th interest in the oil, gas and
other mineral reserved unto Grantor in [a specific
deed] . . ..

 

 2. There is expressly reserved unto the GRANTORS
herein, their heirs and assigns, forever all oil, gas
and other minerals (except the 1/16th interest
previously reserved) . . . .

 

 3. Title to any portion of the property within the
bounds of Bayside Colony, as such subdivision is
shown on the map and plat thereof in Volume 1,
Page 5, of the Map and Plat Records of Refugio
County, Texas.

 

 4. Pipeline right-of-way granted to B. H. Hornburg
to Atlantic Pipeline Company . . . .

 

 5. Easement for Electric Transmission Line granted
by Tom Hornburg to Central Power and Light
Company . . . .

 

 6. Taxes for 1995 and subsequent years, the
payment of which [Fricks] assumes . . . .

 

(Emphasis added). Following the paragraphs to which the grant is
subject is a final paragraph, which states:

 TO HAVE AND TO HOLD the above-described premises,
together with all and singular the rights and appurtenances
thereto in anywise belonging, unto the said GRANTEE,
GRANTEE'S heirs and assigns, forever. And we do hereby
bind ourselves, our heirs, executors and administrators, to
WARRANT and FOREVER DEFEND, all and singular, the said
premises unto the said GRANTEE, GRANTEE'S heirs and
assigns, against every person whomsoever lawfully claiming
or to claim the same, or any part thereof.


The deed is signed by the Beecklers and notarized.

 

 In their motion for summary judgment, the Hancocks argued that
Fricks cannot show superior title because paragraph three of the
"subject to" clause limits Fricks's title: he is not given title to any
portion of the described property that falls within the bounds of the
Bayside Colony. Fricks argues that the "subject to" clause was only
meant as a limit on the grantors' warranty and was not meant as a
reservation of title.

 The deed involved in this case is similar to the deed interpreted in
Bass v. Harper, 441 S.W.2d 825, 826-27 (Tex. 1969). In Bass, the deed
began with a granting clause, followed by a description of the property. 
The deed then stated that the grant was subject to a variety of mineral
reservations. Id. at 826. The "subject to" portion of that deed was
followed by a paragraph employing "to have and to hold" language very
similar to that in Fricks's deed. Id. As with Fricks's deed, a general
warranty concluded the deed. Id. Noting that the warranty is a
separate covenant from the grant, and is not a part of the conveyance,
the supreme court found that the "subject to" language in the Bass
deed was tied specifically to the grant, not the warranty, and, thus,
limited the grant, not the warranty. Id. at 827. The supreme court
found the Bass deed to be unambiguous. Id. 

 Similarly, we find that Fricks's deed is unambiguous. The deed
states that the grant and conveyance, not the warranty, is subject to
any portion of the property which is within the bounds of the Bayside
Colony. The grantor expressly limited the grant to exclude any property
which was contained in the Bayside Colony. Fricks cannot recover
upon the strength of his own title because his title is expressly limited
to exclude the property in dispute in this case. Fricks cannot sustain
either a suit to quiet title, nor a trespass to try title claim.

 Issue number two is overruled.

 The judgment of the trial court is AFFIRMED.


 
 

 LINDA REYNA YAÑEZ

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

26th day of April, 2001.


1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of
the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).
2. This appeal was abated in 1999 because the Hancocks had filed
bankruptcy, thus staying the appeal.
3. Fricks did not challenge the Hancocks' characterization of his suit
at the trial level, and does not challenge it on appeal; therefore we will
accept that the suit raised the claims of a trespass to try title and a suit
to quiet title. See Tex. R. App. P. 33.1 (to present a complaint on
appeal, a party must raise that complaint to the trial court).