NUMBER 13-03-657-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ANTHONY S. HYDE AND JANINA E. TYLER,                      Appellants,

v.

ROBERT A. WILLIAMSON, M.D.,                                         Appellee.
___________________________________________________________________

On appeal from the 25th District Court
of Gonzales County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

            Appellants, Anthony S. Hyde and Janina E. Tyler, individually and as
representatives of the estate of Mary Jane Smith, bring this appeal following an order
by the trial court granting a no evidence summary judgment in favor of appellee, Dr.
Robert A. Williamson. By three issues, appellants contend the trial court erred in: (1)
sustaining appellee’s objections to appellants’ summary judgment affidavit without
affording appellants an opportunity to cure; (2) granting appellee’s motion for no
evidence summary judgment; and (3) denying appellants’ motion to continue the
summary judgment hearing. We reverse and remand.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. SUMMARY JUDGMENT AFFIDAVIT
         By their first issue, appellants contend that the trial court abused its discretion
in sustaining objections to appellants’ summary judgment affidavit without affording
appellants an opportunity to cure.
A. Standard of Review
         We review the trial court’s decision on the admissibility of evidence in a
summary judgment proceeding under an abuse of discretion standard. See Fricks v.
Hancock, 45 S.W.3d 322, 325 (Tex. App.–Corpus Christi 2001, no pet.). A trial
court abuses its discretion when it acts without regard for any guiding rules or
principles. Id.
B. Analysis
         In this case, appellee filed a no evidence summary judgment based on a lack of
evidence regarding causation. Appellants’ response to the summary judgment included
an affidavit by appellants’ medical expert in support of their claim of negligence. 
         The day of the summary judgment hearing, appellee filed objections to
appellants’ summary judgment affidavit stating that: (1) appellants failed to attach
certified or sworn copies of the records relied on by the expert in the affidavit; and (2)
the affidavit was vague, indefinite, and conclusory. At the hearing, appellee argued
that based on these two grounds the affidavit should be stricken and the no evidence
summary judgment granted. Appellants responded by requesting an opportunity to
cure the defect in the affidavit under rule 166a(f). At the conclusion of the hearing,
the trial court stated that it would notify appellants whether it would allow them to
amend the affidavit. The trial court later granted appellee’s no evidence summary
judgment.
         Rule 166a(f) of the Texas Rules of Civil Procedure, which governs the use of
affidavits in summary judgment proceedings, provides that sworn or certified copies
of all papers referred to in an affidavit shall be attached or served with the affidavit. 
Tex. R. Civ. P. 166a(f). It also states, in relevant part, that “defects in the form of
affidavits or attachments will not be grounds for reversal unless specifically pointed
out by objection by an opposing party with opportunity, but refusal, to amend.” Id. 
Appellants contend that the failure to attach medical records is a defect in form, and
therefore, under rule 166a(f) they must be given the opportunity to amend the defect. 
Appellee argues to the contrary that the defect is substantive, and therefore, the trial
court is not required to give appellants the opportunity to amend.
         This Court has previously addressed this issue in Noriega v. Mireles, 925
S.W.2d 261, 265 (Tex. App.–Corpus Christi 1996, writ denied). In that case we held:
[I]n situations such as this, where there is no dispute regarding the
contents of the medical records and the treatment the patient received,
and in which the disputed issue relates to additional treatment that the
patient clearly did not receive but arguably should have, the failure to
attach the relevant medical records to the expert witness’s affidavit is a
formal, rather than a substantive defect. 

Id. Presented with similar circumstances, we adhere to the rationale in Noriega and
find the holding applicable to the facts of this case. The failure to attach medical
records to the affidavit in this case was a defect as to form. As such, the trial court
should have provided appellants the opportunity to amend their affidavit prior to
granting the summary judgment. See Garcia v. Willman, 4 S.W.3d 307, 311 (Tex.
App.–Corpus Christi 1999, no pet.) (finding proponent of summary judgment evidence
must be given opportunity to cure defects in form of summary judgment evidence). 
The trial court’s granting of appellee’s summary judgement without allowing appellants
the opportunity to amend the affidavit upon hearing the objections to the defect was
erroneous. See Wyatt v. McGregor, 855 S.W.2d 5, 18 (Tex. App.–Corpus Christi
1993, writ denied). Appellants’ first issue is sustained.
         Because of the disposition of appellants’ first issue, we need not address
appellants’ second or third issues. See Tex. R. App. P. 47.1.
 
 
III. CONCLUSION
         Accordingly, we reverse the summary judgment and remand to the trial court
for further proceedings consistent with this opinion.                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 14th day of October, 2004.