# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00372-CV

**Justin A. Washmon, Appellant**

**v.**

**Juanita A. Strickland, Substitute Trustee and Washington Mutual Bank, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-05-004588, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellees Washington Mutual Bank and Juanita A. Strickland foreclosed on real property owned by appellant Justin A. Washmon after he defaulted on a note secured by the property. Washmon filed suit against appellees in district court to quiet title. The district court granted appellees' motion for summary judgment and entered a take nothing judgment in favor of appellees on all of Washmon's claims. Washmon appeals the district court's judgment based on the fact that Washington Mutual has produced only a copy of the note, not the original. We affirm the judgment of the district court.

On October 15, 2002, Washmon executed and delivered to Long Beach Mortgage Company a "Fixed/Adjustable Rate Note" in the original principal amount of $113,200. The note was secured by a deed of trust pursuant to which Washmon granted Long Beach Mortgage Company

a first lien on real property in Austin, Texas. The note and deed of trust provide that Long Beach Mortgage Company could transfer the note, in which case the transferee—as the holder of the note—would be entitled to receive payments under the note and a new entity might be assigned to collect the monthly payments—the loan servicer.

Effective November 23, 2005, Long Beach Mortgage Company transferred the note and deed of trust to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2003-1 ("Deutsche Bank"). Washington Mutual was named as the loan servicer for Deutsche Bank.

In July 2005, Washmon ceased making payments on the note and, therefore, defaulted under the terms of the note and deed of trust. On August 3, 2005, Washmon received notice that he was in default. *See* Tex. Prop. Code Ann. § 51.002(d) (West Supp. 2009). Washmon was also given notice that, if he did not cure his default, the debt would be accelerated and Washington Mutual would proceed with foreclosure. On December 12, 2005, notice was served on Washmon that the debt had been accelerated. The notice also provided the place and time of non-judicial foreclosure sale of the property in the event of Washmon's failure to pay the amount due. *See id.* § 51.002(b).

In anticipation of foreclosure, Deutsche Bank appointed Strickland as its substitute trustee. On January 3, 2006, Strickland conducted a trustee's sale and executed a substitute trustee's deed at the time of sale. *See id.* § 51.002(a). The highest bidder for the property was Washington Mutual, acting on behalf of Deutsche Bank bidding the amount of the debt.

On December 30, 2005, Washmon filed suit in district court against appellees Washington Mutual and Strickland, asserting a claim to quiet title to the real property sold at the foreclosure sale. Appellees filed motions for summary judgment. The district court granted appellees' motions for summary judgment and, on March 3, 2008, entered judgment that Washmon take nothing on his claims.

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). The standards for reviewing a summary judgment are well established: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). In a suit to quiet title, a plaintiff must establish superior title, proving and recovering on the strength of his own title, not the weakness of the defendant's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Washmon contends that appellees could not "begin and execute a foreclosure procedure" because Washington Mutual did not have the original note and, therefore, could not demonstrate that it had any interest in the property. However, section 3.309 of the Texas Business and Commerce Code provides that a person who is not in possession of an instrument is, nonetheless, entitled to enforce the instrument if:

3

(1) the person seeking to enforce the instrument . . . was entitled to enforce the instrument when loss of possession occurred . . . ;

(2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and

(3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Tex. Bus. & Com. Code Ann. § 3.309(a) (West Supp. 2009).

The summary judgment evidence includes a copy of the note, as well as an affidavit by Marlene Petros, a Washington Mutual loan servicing department manager, averring that the copy was a "true and correct copy of the Note." The note identifies Long Beach Mortgage Company as the "Lender" and identifies the "Note Holder" as the "Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note." The summary judgment record also includes an "Assignment of Deed of Trust," which provides that Long Beach Mortgage Company, effective November 23, 2005:

> hereby grants, conveys, assigns and transfers to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2003-1 c/o Washington Mutual Bank . . . all beneficial interest under that certain DEED OF TRUST dated October 15, 2002, executed by Justin A. Washmon . . . TOGETHER with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrue to said DEED OF TRUST.

The record also includes the December 12, 2005 notice of foreclosure to Washmon, which provided that Washington Mutual was acting as mortgage servicer for Deutsche Bank in accordance with a servicing agreement. *See* Tex. Prop. Code Ann. § 51.0025 (West 2007). There is no evidence in the record controverting any of these factual allegations or the authenticity of the documents. Thus, the evidence is sufficient as a matter of law to prove that Washington Mutual was entitled to enforce the note when loss of possession occurred. *See id.*; Tex. Bus. & Com. Code Ann. § 3.309(a)(1).

Petros also averred the following in her affidavit:

> I have made a diligent search of Washington Mutual's files and am unable to locate the original Note. Washington Mutual routinely keeps the original of notes in its vaults. The original Note was housed in Washington Mutual's vault in Jacksonville, Florida. I requested a search of Washington Mutual's vault in Jacksonville, Florida, and the original of the Note was not in the vault. The Note has not been sold or transferred to another party since there is no documentation in the file indicating such, and the account shows no record of the Note being paid. Therefore, Washington Mutual was in possession of the Note when the original Note was lost or destroyed.

There is no evidence in the record controverting these factual allegations. Thus, the evidence is sufficient as a matter of law to prove both that Washington Mutual's loss of possession was not the result of a transfer or a lawful seizure and that Washington Mutual cannot reasonably obtain possession of the note because its whereabouts cannot be determined. *See* Tex. Bus. & Com. Code Ann. § 3.309(a)(2), (3).

Appellees' summary judgment proof is sufficient as a matter of law to prove their authority to enforce the note on behalf of Deutsche Bank. *See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983). We affirm the judgment of the district court.[1]

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson;
    Concurring Opinion by Justice Patterson

Affirmed

Filed:   February 26, 2010

---

[1] Washmon also contends that when the mortgage was "pooled" with other mortgages for the issuance of securities backed by such pool of mortgages, his debt could no longer be collected upon. We are unaware of any authority that provides that the pooling of mortgages relieves the borrowers' obligations under the notes. The remainder of Washmon's arguments appear to rely on his position that Washington Mutual could not enforce the note without producing the original.