

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00817-CV

**DTND SIERRA INVESTMENTS, LLC**,
Appellant

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY** as Trustee for Ameriquest Mortgage
Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R6,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-10858
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 21, 2013

AFFIRMED

This is an appeal from the trial court's order granting appellee Deutsche Bank National Trust Company's ("Deutsche") motions for traditional and no evidence summary judgment in a suit involving foreclosure of real property. On appeal, appellant DTND Sierra Investments, LLC ("DTND") contends the trial court erred in granting summary judgment because Deutsche's lien on the property is subordinate to DTND's lien. We affirm the trial court's judgment.

**BACKGROUND**

Jerry and Yolanda Davila obtained title to "the property" from Thomas Kraege. In 2005, the Davilas took out a home equity loan against the property from Ameriquest Mortgage Company. The loan was secured by a Texas Home Equity Security Instrument dated May 2005, and was used to pay the mortgage with CitiMortgage. In February 2009, Ameriquest assigned the lien to Deutsche.

After taking out the home equity loan, the Davilas fell behind on the payment of their homeowners' association ("HOA") assessments. In July 2010, the HOA foreclosed on the property and recorded a trustee's deed. The trustee's deed conveyed title to the property to the HOA, the Apple Creek Homeowner's Association. In June 2011, the HOA conveyed its interest in the property to DTND.

The Davilas also defaulted on their home equity loan. Pursuant to a court order, Deutsche proceeded with a foreclosure sale of the property. On October 4, 2011, Deutsche foreclosed its lien and acquired title to the property. On October 14, 2011, Deutsche recorded a foreclosure sale deed reflecting its acquisition of title.

DTND sued Deutsche to quiet title to the property. Deutsche filed traditional and no evidence motions for summary judgment, which the trial court granted. DTND then perfected this appeal.

**ANALYSIS**

On appeal, DTND argues the trial court erred in granting Deutsche's motions for summary judgment and finding Deutsche's lien on the property was superior to DTND's lien. In the alternative, DTND contends this court should review all motions for summary judgment, including

its partial motion for summary judgment which the trial court did not rule on, and either remand the case or decide any remaining issues as a matter of law.

### *Standard of Review*

A party may move for both traditional and no evidence summary judgment. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004); *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). We review a trial court's grant of summary judgment, both traditional and no evidence, de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Strandberg*, 293 S.W.3d at 738. When a party submits both traditional and no evidence summary judgment motions, we review the no evidence motion first. *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no evidence motion disposes of the claims, then we need not review the traditional summary judgment motion. *Id.*

A no evidence motion for summary judgment under Rule 166a(i) of the Texas Rules of Civil Procedure is essentially a motion for a pretrial directed verdict. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc's*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). The motion must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310; *All Am. Tel, Inc.*, 291 S.W.3d at 526. The trial court must grant the motion unless the nonmovant produces more than a scintilla of summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i). More than a scintilla of evidence exists when the

evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet. denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 244 (Tex. 2005)). On review, we take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in its favor. *Lesieur*, 325 S.W.3d at 246 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and evidence favorable to the nonmovant is accepted as true. *Cole v. Johnson*, 157 S.W.3d 856, 859 (Tex. App.—Fort Worth 2005, no pet.) (citing *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995)).

### *Suit to Quiet Title*

DTND sued Deutsche to quiet title to the property. Under Texas law, a suit to quiet title is an equitable remedy intended to clarify ownership and remove any cloud of title on property. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). A cloud of title exists when an outstanding claim or encumbrance, which on its face, if valid, would affect or impair the property owner's title. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 387–88 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). If a plaintiff prevails in a suit to quiet title, the court declares invalid or ineffective the defendant's claim to title. *Essex Crane*, 371 S.W.3d at 387–88; *Gordon*, 352 S.W.3d at 42.

To prevail in a suit to quiet title, a plaintiff must prove: (1) he has an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *See, e.g., Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied); *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.); *Sadler v. Duvall*, 815 S.W.2d 285, 293, n. 2 (Tex. App.—Texarkana 1991, pet. denied). A suit to quiet title relies on the invalidity of the defendant's claim to the property. *Essex Crane*, 371 S.W.3d at 387– 88; *Longoria v. Lasater*, 292 S.W.3d 156, 165 n. 7 (Tex. App.—San Antonio 2009, pet. denied). Yet, a plaintiff can only recover on the strength of his or her own title, not on the weakness of the defendant's title. *Fricks*, 45 S.W.3d at 327 (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.)). The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Essex Crane*, 371 S.W.3d at 387–88.

In its no evidence motion for summary judgment, Deutsche asserted DTNB could not prove one or more essential elements necessary to prevail in its suit to quiet title. Specifically, Deutsche claimed there was no evidence that DTND's lien in the property was superior to Deutsche's lien, and therefore, that Deutsche's claim was invalid or unenforceable. DNTD's interest in the property stems from the foreclosure of the HOA lien; Deutsche's interest in the property arises from the home equity loan and its corresponding lien, which the Davilas used to pay off the property's mortgage with CitiMortgage.

The HOA lien, from which DTND claims its interest in the property, is subject to the Apple Creek Residential Declaration of Covenants, Conditions and Restrictions. Section 6.03 of the Declaration states the lien securing HOA assessments:

"[S]hall be deemed subordinate to a first lien or any other liens of any bank . . . or other bona fide, third party lender which may have heretofore or may hereafter lend money in good faith for the purchase or improvement of any Lot and any renewal, extension, rearrangement, or refinancing thereof."

DNTD argues its interest in the property is superior to Deutsche's interest because the HOA foreclosure sale, which occurred before Deutsche's foreclosure of the property, extinguished any other liens related to the property. Furthermore, DTND argues the HOA Declaration does not give Deutsche a superior interest in the property because it does not apply to home equity loans. As evidence, DTND relies on the fact that the HOA Declaration was issued before the Texas Constitution legalized home equity loans as a valid indebtedness against homestead property.[1] Therefore, DTND contends the subordination clause should not operate upon a loan that would have been an illegal transaction. We disagree.

Article XVI, section 50(e) of the Texas Constitution does not abrogate all equitable subrogation rights. *LaSalle Bank*, 246 S.W.3d at 619. The supreme court has held article 50(e) does not destroy the well-established principle of equitable subrogation and has honored equitable subrogation claims against homestead property when refinancing, even though unconstitutional, was used to pay off valid liens. *See id.* (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 661 (Tex. 1996)).

The record in this case shows that when the Davilas first purchased the property, they assumed Thomas Kraege's mortgage obligations as payment for their own purchase of the property, which they later renewed and extended. The Davilas used the home equity loan to pay off the original loan they assumed and to pay the mortgage with CitiMortgage. Therefore, even if the home equity loan was invalid under the Texas Constitution at the time the HOA Declaration

---

[1] The HOA Declaration was issued on August 15, 1984. The Texas Constitution first permitted home equity lending in 1997. *See La Salle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 618 (Tex. 2007).

was issued, we hold the evidence shows Deutsche is entitled to equitable subrogation and allowed to step into the shoes of prior lienholders. *See LaSalle Bank*, 246 S.W.3d at 619–20.

DNTD also contends the subordination clause does not apply in this case because Deutsche's lien was not for the "renewal, extension, rearrangement, or refinancing" of the purchased property. However, because the record shows the Davilas used the home equity loan to pay the property's original mortgage obligations, we hold the home equity lien qualifies as "money lent in good faith for the purchase of the property," and for the "renewal, extension, rearrangement, or refinancing" of the same for purposes of Section 6.03 of the Declaration.

Finally, DTND contends it has a superior interest on the property because the HOA foreclosure extinguished any other liens related to the property. Under Texas common law, foreclosure does not terminate interests in the foreclosed property that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens. *See Conversion Properties, LLC v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied). Consequently, "[t]he purchaser takes the property charged with the primary liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens." *Id.*; *see also Williams v. Nationstar Mortg., LLC*, 349 S.W.3d 90, 95 (Tex. App.—Texarkana 2011, pet. denied); *Atu v. Slaughter*, No. 14–06–00771–CV, 2007 WL 2682198, at *3 (Tex. App.—Houston [14th Dist.] Sept. 13, 2007, no pet.) (mem. op.). Therefore, we hold the HOA foreclosure did not extinguish Deutsche's superior lien on the property. *See DTND Sierra Investments LLC v. Bank of Am., N.S.*, 871 F.Supp.2d 567, 575 (W.D. Tex. 2012) (holding HOA lien was subordinate to mortgage lien and HOA foreclosure did not extinguish superior mortgage lien even though superior lienholder failed to redeem).

Accordingly, we hold DTND failed to provide even a scintilla of evidence of the essential element challenged by Deutsche; DTND was unable to provide any evidence that Deutsche's claim to the property was invalid or improper. In fact, the undisputed evidence shows Deutsche's lien was valid and superior to DTND's lien. Therefore, we hold the trial court did not err in granting summary judgment in favor of Deutsche.[2]

### *Other Relief Requested*

In its second issue, DTND asks that in the event we sustain the trial court's grant of Deutches's summary judgment, this court should consider "all motions for summary judgment," including its partial motion for summary judgment the trial court did not rule on, and remand the case to the trial court based on the other causes of action raised in the pleadings.

In its first amended petition, DTND raised claims against Deutsche for: (1) cloud on title; (2) wrongful foreclosure; (3) deceptive trade practice violations; and (4) common law fraud. However, on appeal, DNTB raises only the issue of cloud of title, and thereby waived the other three issues. *See López v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied) (declining to consider issue not raised in appellant's original brief); *see Niera v. Frost Nat'l Bank*, No. 04–09–00224–CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2012, pet. denied) (mem. op.) (holding failure to provide appropriate record citations or substantive analysis waived appellate issue); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem issues waived due to inadequate briefing); *see also* TEX. R. APP. P. 38.1. Regarding DTND's partial motion for

---

[2] Because we hold the no evidence summary judgment motion disposed of DTND's claims, we need not review Deutsche's traditional summary judgment motion. *See Ridgeway*, 135 S.W.3d at 600.

summary judgment,[3] we find the cloud of title claim is subsumed in our discussion of Deutsche's

no evidence summary judgment motion, and disposed of in this opinion. Accordingly, we overrule

DTND's remaining issues.

### CONCLUSION

Based on the foregoing, we affirm the trial court's grant of Deutsche's summary judgment.

Marialyn Barnard, Justice

---

[3] Although the trial court did not rule on DTND's partial motion for summary judgment, we may consider the grounds raised in the motion and preserved for review in the interest of judicial economy. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).