# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2018

Lyle W. Cayce
Clerk

PAUL CASEY BLANK,

> Plaintiff – Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Long
Beach Mortgage Loan Trust 2001-2 Asset-Backed Certificates, Series 2001-2,

> Defendant – Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1463

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Appellant Paul Blank ("Blank") appeals the district court's order granting summary judgment to Deutsche Bank National Trust Company ("Deutsche") and dismissing Blank's suit for declaratory judgment seeking to invalidate a home equity loan.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10054

In November 2000, Blank completed a residential loan application seeking to refinance the mortgage on his home in Dallas, Texas. Long Beach Mortgage Company provided the loan for $137,900 based on an appraised fair market value of $197,000. Blank defaulted in 2010. In December 2012, the loan servicer notified Blank that foreclosure was imminent if he failed to cure the default promptly. On May 2, 2016, Blank sued Deutsche in state court seeking a declaratory judgment invalidating the loan based on provisions in the Texas Constitution. Deutsche removed the matter to federal court on the basis of diversity jurisdiction; the district court, in its scheduling order, directed that all motions for leave to amend the pleadings be filed by November 25, 2016.

On May 22, 2017, Deutsche moved for summary judgment, arguing that Blank had not asserted a substantive cause of action. After the district court granted him several extensions, Blank responded that he asserted a claim to quiet title. Deutsche replied that Blank's pleading included no such claim and that, even if it had, the claim would fail because it was based entirely on the alleged weakness of Deutsche's title and not the strength of Blank's title, as required under Texas law.[1] On September 7, 2017, Blank filed a sur-reply in which he contended that he "properly pled a claim to quiet title" and purported to set out the elements of the claim.

On November 29, 2017, the magistrate judge concluded, inter alia, that Blank's complaint failed to raise an action to quiet title. On December 14, 2017, the district court accepted the magistrate judge's findings and recommendations in full, granted Deutsche's motion for summary judgment, and dismissed Blank's suit with prejudice.

---

[1] *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

2

No. 18-10054

On appeal, Blank argues that the district court erred in granting the motion for summary judgment because his pleadings raised an action to quiet title; alternatively, he argues that the district court abused its discretion in failing to construe Blank's sur-reply as a motion to amend his pleadings and granting that motion. Because Blank challenges the dismissal of his complaint based only on the district court's conclusions regarding his quiet title claim, we consider only these arguments.[2]

After reviewing the record and arguments on appeal, we conclude that Blank failed to state a claim to quiet title.[3]  His complaint makes no reference to a quiet title claim at all.  Moreover, based on his allegations, there is no prospect that he could state a claim to quiet title under these circumstances. Blank did not seek a determination of the validity of his title but only of the weakness or unenforceability of Deutsche's lien.[4]  Therefore, the district court did not abuse its discretion by declining Blank's invitation to allow leave to amend his complaint.[5]

For the reasons above, we AFFIRM.

---

[2]  Blank does not appeal the additional reasons given by the district court, including those for its dismissal of his declaratory-judgment action, so we treat them as if he failed to appeal them. *See Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (declining to raise and discuss issues that an appellant failed to raise on appeal).

[3] *See* FED. R. CIV. P. 12(b)(6).

[4] *See Fricks*, 45 S.W.3d at 327.

[5] *See* FED. R. CIV. P. 16(b)(4) ("A schedul[ing] [order] may be modified only for *good cause* and with the judge's consent." (emphasis added)).