# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2022

Lyle W. Cayce
Clerk

No. 19-20439
Summary Calendar

Antwan Henry,

*Plaintiff—Appellant*,

*versus*

Ditech Financial, L.L.C., *formerly known as* Green Treen Servicing, L.L.C.; Carrington Mortgage Services, L.L.C.; The Bank of New York Mellon, *as Trustee for the* Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-5, *formerly known as* The Bank of New York,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4414

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges.*

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20439

Antwan Henry filed suit raising claims of quiet title, cancellation of instrument, request for accounting, unconscionable inducement, dual tracking, violations of the Fair Debt Collection Practices Act (FDCPA), and violations of the Real Estate Settlement Procedures Act (RESPA). Henry now appeals the district court's dismissal of his complaint and granting of the defendants' Federal Rule of Civil Procedure 12(c) motions. He argues that he presented a valid claim of quiet title, that the assignment of the deed of trust was defective, that the district court erred in dismissing several claims with prejudice and without allowing him an opportunity to amend, that the motions to dismiss were untimely filed, that defendants were liable under the FDCPA, and that the court erred in considering unauthenticated documents.

We review the district court's grant of a Rule 12(c) motion for judgment on the pleadings under the same de novo standard as is used for a ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). A complaint is properly dismissed if it does not state sufficient facts to set forth a plausible claim or if the claims it raises are merely speculative. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012).

Under Texas law, "[a] suit to quiet title is an equitable action used to establish that an adverse party's claim to property is invalid, and to remove the cloud caused by the invalid claim from the owner's title." *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. Ct. App.—Amarillo 2013, no pet.). A plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. Ct. App.—Corpus Christi–Edinburg 2001, no pet.).

Henry makes no real argument regarding the strength of his own title, instead arguing in conclusory fashion that the deed of trust is invalid because it does not contain his signature. As for Henry's argument challenging the

assignment of the deed of trust, it is without merit. *See Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 226-27 (5th Cir. 2013); *see also Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 255 (5th Cir. 2013).

Regarding his claims arising under the FDCPA and the RESPA, his claims of cancellation of instrument and unconscionable inducement, and his request for accounting, Henry generally asserts that the district court should not have dismissed these claims with prejudice because granting a Rule 12(c) motion is akin to a Rule 12(b)(6) motion and therefore should be without prejudice. He also asserts that the district court should have allowed him the opportunity to amend the complaint to remedy the defects, specifically, the lack of sufficient facts to support his allegations.

In his brief, Henry points to no legal authority in support of his argument that the dismissal should have been without prejudice and does not identify what facts he could or would have alleged if given the opportunity to amend. Thus, his argument that the court erred in dismissing these claims with prejudice and without giving him the opportunity to amend is without merit.

His argument that the defendants' motions for judgment on the pleadings filed pursuant to Rule 12(c) was untimely because it was filed after they filed an answer in the state court proceeding fails. A Rule 12(c) motion can be filed after an answer. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Finally, Henry's arguments regarding violations of the FDCPA are vague and do not address the district court's conclusion that he failed to allege facts showing that the defendants engaged in misconduct. General arguments giving only broad standards of review and not citing to any error are insufficient to preserve issues for appeal. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Henry has

No. 19-20439

failed to brief any issue adequately relating to the district court's ruling on the aforementioned claim, the issue is abandoned. *See Brinkmann*, 813 F.2d at 748. His argument regarding the consideration of unauthenticated documents is likewise conclusional and inadequately briefed. *See id.*

\*     \*     \*

The judgment of the district court is AFFIRMED.