ACCEPTED
13-15-00012-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/4/2015 3:41:45 PM
DORIAN RAMIREZ
CLERK

## CAUSE NO. 13-15-00012-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/4/2015 3:41:45 PM
DORIAN E. RAMIREZ
Clerk

# IN THE THIRTEENTH COURT OF APPEALS
# AT CORPUS CHRISTI, TEXAS

## BENEDICT G. WENSKE AND ELIZABETH WENSKE,
Appellants

## V.

## STEVE EALY AND DEBORAH EALY,
Appellees

ON APPEAL FROM THE 25TH JUDICIAL DISTRICT COURT
OF LAVACA COUNTY, TEXAS
THE HONORABLE WILLIAM D. OLD, III PRESIDING

## APPELLEES' BRIEF

ROBERT C. MCKAY
MCKAY & COFFEY, LLP
P.O. BOX 2469
VICTORIA, TEXAS 77902
(361) 894-8975
(361) 894-8973(FAX)
rmckay@mckaycoffey.com
*ATTORNEYS FOR APPELLEES*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................. ii

INDEX OF AUTHORITIES ........................................................ iv

STATEMENT OF THE CASE ...................................................... vi

STATEMENT REGARDING ORAL ARGUMENT ........................... vii

ISSUES PRESENTED ................................................................ viii

STATEMENT OF FACTS ............................................................ 1

SUMMARY OF THE ARGUMENT ............................................... 3

ARGUMENT ............................................................................ 7

    1.    Non-Participating Royalty Interests
        Are Borne Proportionately by the
        Owners of the Mineral Estate ....................................... 7

    2.    Texas Rules of Deed Construction
        Support the Trial Court's Ruling ................................. 15

    3.    An Exception Is Not a Reservation ............................... 18

    4.    Appellants' Contention Leads to
        Absurd Results .......................................................... 19

    5.    Appellants' Case-Law Is
        Distinguishable from the
        Facts of This Case ...................................................... 21

CONCLUSION AND PRAYER ..................................................... 26

CERTIFICATE OF COMPLIANCE ............................................... 27

CERTIFICATE OF SERVICE................................................................28

APPENDIX ..............................................................................................29

# INDEX OF AUTHORITIES

Cases:                                                          Page(s):

*Averyt v. Grande, Inc.,*
    717 S.W.2d 891
    (Tex. 1986)......................................................................22

*Bagby v. Bredthauer,*
    627 S.W.2d 190
    (Tex. App.—Austin, 1981, no pet.) ........................... 12, 13

*Bass v. Harper,*
    441 S.W.2d 825
    (Tex. 1969) ...................................................... 22, 23, 24

*Bright v. Johnson,*
    302 S.W.3d 483
    (Tex. App.—Eastland, 2009, no pet.) .....................................18

*Day & Co. v. Texland Petroleum, Inc.,*
    786 S.W.2d 667
    (Tex. 1990) ......................................................................17

*Graham v. Prochaska,*
    429 S.W.3d 650
    (Tex. App.—San Antonio, 2013, pet. filed) .......................................8

*Harris v. Windsor,*
    294 S.W.2d 798
    (Tex. 1956) ...................................................... 24, 25

*Luckel v. White,*
    819 S.W.2d 459
    (Tex. 1991) ......................................................................12

*Pich v. Lankford,*
    157 Tex. 335 (1957) ..................................................................8, 23

*Plainsman Trading Co. v. Crews,*
    898 S.W.2d 786
    (Tex. 1995) ...........................................................................................8

*Reagan v. Marathon Oil Co.,*
    50 S.W.3d 70
    (Tex. App.—Waco, 2001, no pet.) ..................................................16

*Selman v. Bristow,*
    402 S.W.2d 520
    (Tex. Civ. App—Tyler, 1966, writ ref'd n.r.e.) .................... 9, 10, 19

*Sharp v. Fowler,*
    151 Tex. 490 (1952) .......................................................................15

*Walker v. Foss,*
    930 S.W.2d 701
    (Tex. 1996) .......................................................................................21

# STATEMENT OF THE CASE

*Nature of the Case*: This is a suit regarding the proper construction of a deed in which the grantor conveyed both the surface and a portion of minerals under the disputed property to the grantee while excepting an extant non-participating royalty interest owned by unrelated third parties. Appellees contend that the non-participating royalty must be borne proportionately by both Appellants and Appellees. Appellants contend that the non-participating royalty should be borne entirely by Appellees. The parties filed cross-motions for summary judgment. [1]

*Trial Court*: The Honorable William D. Old, III, 25th Judicial District Court of Lavaca County, Texas; Cause No. 13-15-00012-CV.

*Disposition*: The trial court granted Appellees' motion and denied Appellants' motion.[2] All other issues were disposed of by a trial before the court on the sole issue of attorneys' fees. [3]

*Court of Appeals*: The Appellants timely perfected this appeal.

---

[1] C.R. pg. 47; C.R. pg. 80

[2] C.R. pg. 199

[3] C.R. pg. 199

# STATEMENT REGARDING ORAL ARGUMENT

Appellees welcome the opportunity to present oral argument to the Court, should the Court determine oral argument is appropriate. The issues to be addressed at oral argument would likely focus on the application of settled rules of deed construction to this case as well as real-property law as it applies to a conveyance of real property.

# ISSUE PRESENTED

1.  Did the district court properly determine that the non-participating royalty should be borne, proportionate to the respective interests in the mineral estate, by both Appellees and Appellants?

# STATEMENT OF FACTS

The issue in this case is the proper construction of a deed (the "Deed") in which the Appellants-Grantors conveyed approximately 55.0 acres of land to the Appellees-Grantees on October 17, 2003. [4] Although the surface was conveyed as well as a portion of the minerals under the property, there is no dispute in this lawsuit related to the surface estate or the mineral estate reserved and conveyed except as to the amount of royalty reserved by Appellants. The dispute between the parties hinges on the following two sections of the Deed that include the mineral reservation ("Reservation") and the exceptions to conveyance and warranty ("Exception"):

## The Reservation from the 2003 Deed (The "Reservation")

"RESERVATIONS FROM CONVEYANCE:

> For Grantor and Grantor's heirs, successors, and assigns forever, a reservation of an undivided 3/8ths of all oil, gas and other minerals in and under and that may be produced from the Property. If the mineral estate is subject to existing production or an existing lease, the production, the lease, and the benefits from it are allocated in proportion to ownership in the mineral estate."

---

[4] C.R. 34; Appendix 1

1

## The Exception from the 2003 Deed [5] (The "Exception")

"Exceptions to Conveyance and Warranty:

> Undivided one-fourth (1/4) interest in all of the oil, gas and other minerals in and under the herein described property, reserved by Marian Vyvjala, et al for a term of twenty-five (25) years in an instrument recorded in Volume 400, Page 590 of the Deed Records of Lavaca County, Texas, together with all rights, express or implied, in and to the property described herein arising out of or connected with said reserved interest and reservation, reference to which instrument is here now made for all purposes."

The remaining factor relevant to this dispute is the non-participating royalty referenced in the Deed and immediately above created by an earlier 1988 deed in which the following reservation was made:

## Non-Participating Royalty Interest from 1988 Deed [6] ("The 1988 Deed")

> "Anything in the foregoing conveyance to the contrary notwithstanding, it is expressly agreed and stipulated that out of the sale hereby made there is expressly excepted and reserved to the grantors herein, MARIAN VYVJALA AND MARGIE NOVAK, their heirs and assigns....an undivided one-fourth (1/4th) interest in and to all of the oil royalty, gas royalty, and royalty in casinghead gas, gasoline and royalty in other minerals in and under and that may be produced from the above described tract...for a period of twenty-five (25) years..."

---

[5] C.R. pg. 35; Appendix 1

[6] C.R. pg. 38; Appendix 2

Additionally, there is language in the 1988 Deed which is relevant to this case:

Non-Participating Royalty Requirements [7]

> "in the event any existing or future oil, gas and/or minerals lease provides for a royalty in excess of one-eighth (1/8) then grantors herein, Marian Vyvjala and Margie Novack, shall share in said royalty provided for in such lease or leases to the extent of an undivided one-fourth (1/4) thereof."

Both Appellants and Appellees executed oil, gas and mineral leases covering the disputed interest. [8] Both leases were executed in exchange for a royalty that was in excess of one-eighth. [9]

## SUMMARY OF THE ARGUMENT

The Deed from Appellants-Grantors to Appellees-Grantees conveyed everything owned by the Appellants-Grantors except that which was reserved or excepted. In order to avoid a breach of warranty, the interests contained in the "exceptions to conveyance and warranty" section put the Appellees-Grantees on notice of interests outstanding in

---

[7] C.R. pg. 41; Appendix 2

[8] C.R. pg. 9, 10, ¶ C

[9] C.R. pg. 9, 10 ¶ C

3

third parties. The Reservation in the Deed makes it clear that the Appellants-Grantors reserved to themselves 3/8ths of the minerals under the property. By operation of Texas law, everything else not reserved or properly excepted to passed to the Appellees-Grantees. Because the Appellants-Grantors reserved 3/8ths of the minerals, 5/8ths of the minerals were conveyed to Appellees-Grantees. The parties do not dispute this calculation of the mineral estate; the parties do however dispute how Appellants' 3/8ths mineral ownership and Appellees' 5/8ths mineral ownership is affected by the outstanding 2/8ths non-participating royalty interest ("NPRI") owned by third parties to this lawsuit. (Appellants' Brief Page 3)

The distinction between minerals and royalty has been a difficult and longstanding source of problems for mineral owners, judges, justices and attorneys alike. Although it would seem easy enough to take the Appellants' 3/8ths reserved mineral reservation and add it to the outstanding 2/8ths NPRI leaving a 3/8ths interest for the Appellees-Grantees, this is not the way Texas oil, gas and mineral law works. The mineral estate is not the royalty estate. The Deed reserved to the Appellants-Grantors 3/8ths of the minerals and the Deed conveyed

4

everything not reserved or properly excepted to the Appellees-Grantees, this being a 5/8ths mineral interest as well as the surface. Together, the Appellants and Appellees own the entire mineral estate under the 55.0 acre tract of land conveyed by the Deed. However, it is undisputed that the 8/8th mineral estate is burdened by a NPRI of 2/8ths which is owned by third parties to this lawsuit. There is no contradiction in this because a NPRI is carved out of the mineral estate; it is derivative of the mineral estate. Thus, Texas law holds that the Appellants own 3/8ths of the minerals, that the Appellees own 5/8ths of the minerals, and that out of this complete 8/8ths mineral estate under the property, there is carved from it a 2/8ths NPRI which Appellants and Appellees must bear proportionately to their respective estate in the minerals.

Besides the plain language of the Deed and the operation of settled oil, gas and mineral law, Texas adheres to the greatest estate possible rule, the rule against implied reservations, and the rule of deed construction which construes reservations and exceptions in favor of the grantee. In order for this Court to accept Appellants' novel interpretation which Appellants contend allows them to shrug off their share of the NPRI burden, this Court would have to ignore rules of deed

construction that must favor the Appellees-Grantees and well settled oil and gas jurisprudence in this state.

The trial court's decision correctly acknowledges the legal distinction between a reservation and an exception in a deed. A reservation is not an exception, despite unclear or ambiguous drafting in the occasional deed. There is no assertion of ambiguity in the Deed by any party to this proceeding. A reservation will always favor the grantor; an exception never favors the grantor because an interest to be excepted is necessarily owned by an individual who is not the grantor. The benefit a grantor receives by making exception to an outstanding interest is that he is protected from breaching his warranty to the grantee. In this case, the Appellants-Grantors properly made exception to the outstanding 2/8ths NPRI.[10] This exception put the Appellees-Grantees on notice that there is an outstanding interest the grantors do not own, will not be conveyed in the deed, and is not warranted. The Deed was drafted properly and carefully if one wanted both Appellants' and Appellees' mineral estates to equally bear the NPRI. Appellants cannot assert under Texas law that merely making an exception to the

_____

[10] Appendix 1

2/8ths NPRI somehow increased the size of their mineral reservation or operated as some kind of a "back-door" reservation.

Lastly, Appellees will explain how and why Appellants' argument leads to absurd results as well as discussing the case-law cited in Appellants' brief.

In summary, Appellants' argument confuses the distinction between royalty and minerals, violates Texas' rules of deed construction, fails to respect the substantive operation and plain meaning of the reservation and exception sections in the deed and leads to absurd and unjust results.

## ARGUMENT

### I. Standard of Review

Appellees agree with the Appellants' statement on page 8 of Appellants' Brief regarding the *de novo* standard of review applicable to appeals of cross-motions for summary judgment.

### II. Non-Participating Royalty Interests, Absent Express Language to the Contrary, Are Borne Proportionately by the Mineral Fee-Estate Owners.

A royalty interest is not a mineral interest; an interest in minerals in place and an interest in royalty are separate and distinct estates in

land. *Pich v. Lankford*, 157 Tex. 335, 339 (1957). The specific type of royalty interest outstanding in third parties and present in this case is a non-participating "floating" royalty interest which entitles the NPRI owner to a share of the mineral-fee owner's royalty under a lease. *See Graham v. Prochaska*, 429 S.W.3d 650 (Tex. App.—San Antonio, 2013, pet. filed.) Because of the language creating it, the NPRI in this case "floats" due to the fact that its value can change based on the royalty reserved by the mineral owners when oil, gas and mineral leases are executed. *Id.* A typical NPRI owner cannot lease the mineral estate himself, but relies on a mineral owner to lease the property and to reserve a royalty interest in which the NPRI owner will share. *Plainsman Trading Co. v. Crews*, 898 S.W.2d 786 (Tex. 1995). A NPRI is carved out of the mineral-fee estate. *Id.* Logically then, because the mineral-fee estate is owned by both Appellants and Appellees the NPRI is thus carved from both Parties' interests and accordingly must be borne proportionately. The Court in *Pich* clearly states that "Ordinarily[11] the royalty interest…would be carved proportionately from the two mineral ownerships…" *Pich v. Lankford*, 157 Tex. at 343.

---

[11] The Petitioner in *Pich* apparently stipulated to the NPRI burden.

Further support for Appellees' contention that the NPRI must be borne proportionately by both Appellees and Appellants is *Selman v. Bristow*, 402 S.W.2d 520, 521 (Tex. Civ. App. 1966, writ ref'd n.r.e.) In *Selman*, the court was dealing with almost identical facts to this case. A NPRI was first carved from the mineral estate by Mrs. Weeden. *Id.* Next, the Plaintiffs in *Selman* divided the mineral fee by reserving a 1/4th mineral interest. *Id.* The Grantee-Defendants were conveyed the remaining 3/4ths of the mineral estate. The issue in the case was who bore the NPRI. However, in *Selman* the Plaintiff-Grantor did not make exception to the NPRI in the deed. *Id.* The *Selman* Court held that the NPRI would be borne entirely by the grantor because there was no exception to the NPRI. In our case, Appellees properly made exception to the NPRI, in contrast to *Selman*, and Appellees have never contended that Appellants must bear the entire NPRI. However, properly making exception to the NPRI does not result in the pendulum swinging the entire way back; it results in the equitable and just result of proportionate sharing of the NPRI burden. This case is the deed in *Selman*, but drafted correctly. Because of the Exception notifying Appellees-Grantees of the outstanding NPRI, the NPRI will not be

borne solely by Appellants-Grantors as *Selman* requires but would be shared proportionately between the Grantors and Grantees. [12]

If Appellees wished to create for themselves the result they now seek, to have Appellees bear entirely the outstanding NPRI, by a properly worded reservation, they could have done so. To do so however, would have taken additional and unequivocal language which would serve to negate longstanding rules of deed construction that always operate in favor of the Appellees-Grantees. Such additional language could have been something to the effect of "Grantor reserves 3/8ths of all minerals, and it is specifically understood that Grantors' reserved interest will bear no part of any NPRI interest." This type of language would clearly indicate what was intended by the grantor and it would properly notice any grantee of the effect of the deed on their conveyed interests. This would have been permissible under the law because by the delivery and acceptance of the deed, grantees would have consented to this allocation. However, this was not done. Appellants reserved 3/8ths of the minerals, conveyed 5/8ths to

---

[12] For the purpose of clarification and to avoid confusion, the *Selman* case *supra* involved a *Duhig* problem because an interest was not excepted to. Despite Appellants' citation to *Duhig v. Peavey Moore Lumber Co.*, this case does *not* involve a *Duhig* problem.

Appellees and made exception to the outstanding NPRI. The effect of this was to essentially keep the *status quo.* The 8/8ths mineral interest in the aggregate, now merely owned by two instead of one, continues to share the entire NPRI as it did prior to the Deed.

The 1988 deed creating the NPRI also controls the question of how the NRPI must be borne. The 1988 Deed specifically states that:

> "in the event any existing or future oil, gas and/or minerals lease provides for a royalty in excess of one-eighth (1/8) then grantors herein, Marian Vyvjala and Margie Novack, shall share in said royalty provided for in such lease or leases to the extent of an undivided one-fourth (1/4) thereof." [13] (Bold added)

The language in the 1988 Deed makes it perfectly clear that the drafters anticipated a severance or multiple owners of the minerals, such as that which occurred after the Deed to Appellees. It was understood that multiple leases executed by multiple mineral owners would have to be accountable to the NPRI owners. Because the Appellants-Grantors stand in the shoes of the grantee under the 1988 Deed, they are equally bound by this language and must account, just as Appellees must account, to the current NPRI owners. When construing deeds, "[t]he primary duty of a court when construing [an

---

[13] Appendix 2

11

unambiguous] deed is to ascertain the intent of the parties from all of the language of the deed by a fundamental rule of construction known as the 'four corners' rule." *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). Courts are to attempt to "harmonize all parts of the deed" and give effect to "every clause." *Id.* at 462. In this case, Appellants essentially say to this Court " we intended to reserve 3/8ths of the minerals and 3/8ths of the royalty free and clear of any burdens" but that is not what the Deed says.

Lastly, the state of future interests under the facts of this case also controls the correct result here. The NPRI created by the 1988 Deed is for a term of 25 years and "as long thereafter as oil and gas is produced...."[14] Despite the fact that the NPRI has been kept alive by production from the leased property, this interest will at some future time terminate. What will occur when the NPRI terminates? The answer is contained in the Deed; both Appellees and Appellants currently own reversionary interests in the NPRI because they each own portions of the mineral fee. *See Bagby v. Bredthauer*, 627 S.W.2d 190, 197 (Tex. App.—Austin, 1981, no pet.) These interests are in

---

[14] Appendix 2

12

proportion to the minerals owned by each respective party. *See Id.* (i.e. Appellees own 3/8ths of the reversionary interest in the NPRI and Appellants own 5/8ths of the reversionary interest) The 1988 Deed says that:

> "this reservation (the NPRI)...shall terminate...and all right, title and interest in and to said oil, gas and other minerals herein excepted and reserved...shall pass to and vest in the grantees herein, their heirs and assigns forever". (Imbedded parenthetical added for clarity)

When Appellants-Grantors divided the mineral interest in the Deed, this reversionary interest was also divided. *See Id.* Everything not reserved or excepted to in a deed is conveyed to the grantee. *Id.* Because the reversionary interest of the NPRI was not expressly reserved to Appellants-Grantors it was necessarily conveyed to Appellees-Grantees in proportion to their share of the minerals, 5/8ths. *Id.* When the NPRI terminates Appellants will own 3/8ths of the minerals under the property and 3/8ths of the royalty and Appellees will own 5/8ths of the minerals and 5/8ths of the royalty, but neither Appellees nor Appellants will suffer any reduction in royalty due to a

burdening NPRI. As the NPRI terminates, 3/8ths of that interest will revert to the Appellants and 5/8ths will revert to the Appellees. Because both mineral owners, Appellants and Appellees, will be benefited by the reversion of the outstanding NPRI, it can only follow that both mineral owners bear their proportionate share of the NPRI prior to its termination and nothing in the Deed indicates any intent to the contrary  The district court construed the Deed, correctly applied the appropriate case law and found as follows:

By applying Texas law, the following displays the correct calculation of the royalty interest held by each party:

Appellants -  .25 (the amount reserved in the1988 Deed)
        X 3/8 (the amount of mineral-fee reserved by Appellants)
        = .09375 (the amount by which Appellants royalty interest is reduced by the NPRI)

    Then, 3/8 minus .09375 = .28125; the Appellants receive .28125 of any royalty reserved in a lease by them.

Appellees -  .25 (the amount reserved in the1988 Deed)
        X 5/8 (the amount of mineral-fee conveyed to Appellees)
        = .15625 (the amount by which Appellees' interest is reduced by the NPRI)

Then, 5/8 minus .15625 = .46875; the Appellees receive .46875 of any royalty reserved in a lease by them.

Thus, Appellants and Appellees' combined interest in the royalty is .28125 + .46875 = .75

Appellants and Appellees' royalty interest combines to make a 3/4 or .75 interest leaving only the outstanding NPRI of .25 of royalty to complete the royalty interest and equal 1 or 100% of the royalty.

The Trial Court correctly construed the Deed to this effect and should in all respects be affirmed.

III.   Texas Rules of Deed Construction Support the Trial Court's Interpretation and Determination.

Texas law does not favor implying reservations; they must be made by clear language to be effective. *Sharp v. Fowler*, 151 Tex. 490 (1952). If Appellants' position were to be approved it would violate this rule because Appellants never, under any construction of the Deed, reserved anything more than a 3/8ths mineral interest and that interest must bear its equal share of the outstanding NPRI. If Appellants intended to make an additional reservation that would allow them to discard the burden of the NPRI, they certainly could have. However,

15

Appellants did not and no reservation should now be implied which was never expressed in the Deed. Appellants reserved for themselves a 3/8ths mineral interest under the property and that is precisely what they have.[15] Appellees were conveyed 5/8ths of the minerals under the Deed and that is precisely what they have.[16] Neither changes the correct application of law in this case, that both mineral interests must bear the outstanding NPRI carved from the 8/8ths mineral-fee estate.

Reservations are strongly construed against the grantor and in favor of the grantee. *Reagan v. Marathon Oil Co.*, 50 S.W.3d 70 (Tex. App.—Waco, 2001). Exceptions are also strictly construed against the grantor. *State v. Dunn*, 574 S.W.2d. 821, 824 (Tex. Civ. App.—Amarillo 1978, writ ref'd n.r.e.) The Reservation and Exception in the Deed must be construed in favor of the Grantee which was the decision of the trial court to wit: that Appellees own 5/8ths of the minerals, that Appellants own 3/8ths of the minerals and that the total aggregate 8/8ths mineral estate bears the 2/8ths NPRI proportionately.

In order for Appellants' position to be correct, that the 3/8ths mineral reservation included with it the additional benefit of it not

---

[15] Appendix 1
[16] Appendix 1

being burdened by the NPRI, there must be additional language in the Deed effectuating that intent. Absent that, the Reservation as it exists in the Deed must be construed in favor of the Appellees-Grantees and that construction is for the NPRI created by the 1988 Deed to burden both Appellants' and Appellees' mineral estate proportionately.

Texas also follows the rule commonly known as the "greatest estate possible" – meaning that a deed will convey every interest held by the grantor except that which he clearly reserves or excepts. *Day & Co. v. Texland Petroleum, Inc.*, 786 S.W.2d 667 (Tex. 1990). Applying this rule, Appellants reserved to themselves 3/8ths of the minerals under the property and notified the Appellees-Grantees of the existence of the NPRI created by the 1988 Deed. Because we can determine exactly what interest Appellants own then by deduction we can determine what Appellees own, that being everything else or the greatest estate possible. Appellees' greatest estate possible is a 5/8ths mineral interest together with 5/8ths of the reversionary interest burdened by 5/8ths of the NPRI for as long as the NPRI is in effect.

17

IV.   Appellants Cannot Convert an Exception into a Reservation.

An exception is not a reservation.  A reservation is always in favor of the grantor; an exception is not. *See Bright v. Johnson*, 302 S.W.3d 483 (Tex. App.—Eastland, 2009).  An exception is an exclusion from the grant and is typically used when there is an outstanding interest in a third party.  The exception clause is used when the grantor, here Appellants, excludes an interest from the granting clause because it is already owned by another and thus cannot be conveyed without an instantaneous breach of warranty.  Appellants make much ado about the presence of the NPRI in the exceptions section of the Deed.  However, the mere exception to an NPRI does not and can never result in an increased reservation to Appellees.  Since Appellants reserved 3/8ths of the minerals under the property, rules of deed construction will give Appellees-Grantees the remainder being their greatest estate possible.  Approving Appellants' argument that the mere exception to the NPRI in the exception section of the Deed inured to the benefit of the Appellants-Grantor by way of increasing Appellants' reserved interest adulterates the operation of an exception within a deed, contradicts the rule against implied reservations and contradicts the

rule that reservations and exceptions be construed in favor of the grantee.

Appellees do not dispute the fact that the exception put them on notice to the existence of the NPRI, and as explained earlier in the discussion of the *Selman* case, had the exception not been there it would in fact be Appellants bearing the full burden of the NPRI. Appellees understood their mineral interest was burdened by this NPRI in proportion to their ownership of the minerals and that is what the Exception and the Deed makes clear. However, there is absolutely nothing in the Deed, nor are there any rules of construction or presumptions regarding deeds in Texas that would allow us to leap to an interpretation that the NPRI would *only* burden Appellees.

## V.  Absurdities Abound if Appellants' Contention Is Approved.

Appellants state their position clearly that "Appellants expressly reserved 3/8ths of all of the [minerals] and conveyed the remainder, subject to the burden of the [NPRI]....As a result, Appellees' mineral interest should be burdened by the [NPRI]." Appellants' Brief Pg. 14. While Appellees agree with the foregoing, Appellants' interest must be

treated in the same manner. Appellants may not inexplicably remove the NPRI from burdening their interest. This is akin to conveying half of your surface in a piece of property and arguing that the grantor no longer has to pay property tax on any of the property because he has disclosed the fact that grantee should pay property tax in the transaction. If you own real property, you pay your tax absent an agreement to the contrary; the "tax" in this case is the NPRI and Appellees have never agreed to accept more than their share of it. Appellees do at least agree they are accountable to the NPRI owners, unlike Appellants who are before the Court attempting to avoid any part of their fair share of the NPRI burden.

Appellants' argument adds complexity and confusion in an already difficult area of the law. Had Appellants conveyed to Appellees all of the mineral estate, there would be no question as to who would bear the NPRI; the sole 100% mineral owner would bear it all. If Appellants had reserved all of the minerals under the property, the result would be the same – Appellants, being owners of 100% of the minerals in fee, would bear the entire NPRI. Under Appellants' position and the facts of this case however, when Appellants conveyed only part of the mineral

interest under the property we are presented with the nonsensical result presented by Appellants that the NPRI will be only borne by the grantee, who merely owns a portion of the mineral estate. The sensible result and that which case-law in Texas mandates is Appellees', that when the mineral estate is severed by a reservation, the burden of the NPRI – being a separate and distinct estate in land, one that is *carved* from the mineral estate – must be borne, absent express and clear language to the contrary, by the mineral owners in proportion to their mineral ownership.

## VI. Appellants' Case-Law Is Inapposite or Distinguishable To the Facts of this Case.

Appellants first cite *Walker* for the proposition that an exception or a "subject to" clause protects the grantor against a breach of warranty and limits the estate granted to another interest. *Walker v. Foss,* 930 S.W.2d 701 (Tex. 1996). This case merely restates the law regarding exceptions in a deed. As explained earlier, an exception does serve to protect the grantor from a breach of warranty – Appellees approve of this statement of the law. What *Walker* does not say however, is that an exception to title operates to somehow increase the

magnitude of a grantor's reservation. An exception limits the estate granted but the real substantive point here is that Appellants' argument does not join the issue regarding whether or not Appellants' mineral interest is likewise burdened by the NPRI. That is, the fact that Appellees' interest is burdened by the NPRI, which Appellees do not contest, determines not whether or not Appellants are *also* burdened. The case does not speak to this and it has no relevance to this lawsuit excluding a restatement of well know principles related to the workings of an exception in a deed.

Appellants also discuss *Bass v. Harper*, 441 S.W.2d 825 (Tex. 1969.) but *Bass* does not support Appellants' contention. The Texas Supreme Court has made clear their holding in *Bass* by stating that "*Bass* only holds that the "subject to" clause limits the estate granted in the land...." *Averyt v. Grande, Inc.*, 717 S.W.2d 891, 894 (Tex. 1986). What was the conveyance in the Deed subject to? The NPRI. Thus, under *Bass* the NPRI, if alive and outstanding, was not included in the grant to the Appellee-Grantees. Appellees have never contended that it was. What was granted, however, were the reversionary rights to 5/8th of the excepted to NPRI. The NPRI is owned by third-parties to this

lawsuit and will continue for so long as there is production in commercial quantities under the leased lands. Appellees 5/8ths mineral interest is burdened by the NPRI, and so is Appellants' 3/8ths mineral interest. The "subject to" clause relating to the outstanding NPRI does not alter this analysis in any fashion.

The grantee in *Bass* was conveyed 7/14ths of the royalty and the court subtracted an outstanding 6/14ths royalty from that grant yielding 1/14ths of the royalty owned by the grantee. This analysis is inapplicable to the facts of this case because Appellees were granted a mineral interest and not the derivative and separate estate of royalty. *Pich v. Lankford*, 157 Tex. 335, 339 (1957). Because the NPRI is carved from the mineral estate that both Appellants and Appellees own, it must be borne by both mineral owners and *Bass* has no application here.

Furthermore, *Bass* is inapposite to the facts of this case because the deed interpreted therein is nothing like the Deed in this case. First, the deed referenced in *Bass* does not contain a reservation. This fact alone should be sufficient to distinguish the case. The granting language in *Bass* conveys "all that...one-half interest in and to...." *Bass*

*v. Harper,* 441 S.W.2d at 826. This is uncommon granting language and unlike the instant Deed. The Deed in this case grants everything in and under the property, and then out of the all-encompassing grant reserves a small portion of the conveyance (3/8ths of the minerals) via the reservation. The deed in *Bass* does not do so and it is not analogous to the facts of this case. Next, the conveyance in *Bass* references a specific fractional interest to be conveyed. The Deed in our case does not do so; the granting clause conveys *everything* and then operates to subtract the reserved interest in favor of the Appellants-Grantors. Additionally, *Bass* dealt with the relationship of a warranty clause in a deed with the granting clause; this is not the case under these facts and Appellees have never urged a claim related to breach of warranty. Appellants are incorrect in stating that the Appellees should bear the burden of the NPRI under the *Bass* analysis because the analysis has absolutely no bearing to the facts of this case.

Lastly, *Harris* is cited by Appellants for the proposition that "when a deed reserves an interest in the grantor and contains a recital referring "for all purposes" to an earlier deed describing the third party's mineral interest, the grantor is not estopped to assert his

reservation." *Harris v. Windsor,* 294 S.W.2d 798, 800 (Tex. 1956).

*Appellants'* Brief Pg. 11. Appellants also cite *Harris* for the proposition that the phrase "for all purposes" made the grantee's interest subject to the reservation contained in an earlier deed. Appellants' Brief Pg. 12. Appellees agree with these statements of the law and approve of their application here. The grantor is not estopped to assert his reservation – the Grantor-Appellants reserved for themselves a 3/8ths mineral interest always burdened by the NPRI. Further, Appellee-Grantees' interest certainly is "subject to the reservation" in the 1988 deed, the NPRI, but so too is Appellants'.

As a whole, all of Appellants' cases simply are inapplicable or are cited for an erroneous proposition that confuses minerals with royalty. As much as Appellants may now wish they had reserved 3/8ths of the royalty, despite the fact that had they done so they would have never signed a lease nor would they have received any *bonus payments,* they did not do so; Appellants reserved exactly what the Deed says, 3/8ths of the minerals. Because the NPRI is carved from the mineral estate and because the NPRI is a *separate* estate in land burdening the mineral

estate, both Appellants and Appellees, as mineral owners, must bear the NPRI proportionately.

## CONCLUSION AND PRAYER

For the reasons stated, Appellees request that the trial court's judgment be in all respects affirmed and that the Appellees be granted such other and further relief to which they may be justly entitled.

Respectfully,

MCKAY & COFFEY L.L.P.

BY: _____

Robert C. McKay
State Bar No. 13690800
Bobby M. Maiden
State Bar No. 24088893

One O'Connor Plaza, Ste. 305
Victoria, Texas 77902-2469
Telephone: 361.894.8975
Facsimile: 361.894.8973
bmaiden@mckaycoffey.com
rmckay@mckaycoffey.com

ATTORNEYS FOR APPELLEES

26

## CERFICIATE OF COMPLIANCE WITH TEXAS RULE OF APPELLATE PROCEDURE 9.49(I)

The undersigned certifies that the foregoing document contains 5,088 words excluding the subject matter found in T.R.A.P. 9.4 (i)(1).

_____
Robert C. McKay

## CERTIFICATE OF SERVICE

I certify that on _____ May 4th _____,2015, I electronically filed the foregoing with the Clerk of the Court using the state provided electronic filing system which will send notification of such filing to the following:

Adam T. Uszynski
MEIER, BRADICICH & MOORE, LLP
P.O. Box 550
Victoria, Texas 77902
adamu@victoriatxlawyers.com
COUNSEL FOR APPELLANTS

_____
Robert C. McKay

# APPENDIX

1. The Deed

2. The 1988 Deed (Creating the Non-Participating Royalty Interest/NPRI)

3. Final Judgment

VOL. 299 PAGE 769

## Warranty Deed with Vendor's Lien

**Date:**      October 17, 2003

**Grantor:**      BENEDICT G. WENSKE and ELIZABETH WENSKE, husband and wife

**Grantor's Mailing Address:**

BENEDICT G. WENSKE and ELIZABETH WENSKE
2379 FM 532W
Shiner, Texas 77984
Lavaca County

**Grantee:**      STEVE EALY and DEBORAH EALY, husband and wife

**Grantee's Mailing Address:**

STEVE EALY and DEBORAH EALY
28514 Autumn Glen Road
Boerne, Texas 78006

**Consideration:**

Cash and two notes of even date executed by Grantee and referred to as the first-lien note and the second-lien note. The first-lien note is payable to the order of AMERICAN NATIONAL BANK in the principal amount of FIVE HUNDRED SEVENTY-SEVEN THOUSAND AND NO/100 DOLLARS ($577,000.00) of which FIVE HUNDRED SIXTY-SEVEN THOUSAND AND NO/100 DOLLARS ($567,000.00) is advanced as purchase money. The first-lien note is secured by the first and superior vendor's lien against, and superior title to, the Property retained in this deed in favor of AMERICAN NATIONAL BANK and is also secured by a first-lien deed of trust of even date from Grantee to W.V. HYMAN, trustee. The second-lien note is payable to the order of Grantor in the principal amount of FIFTY-EIGHT THOUSAND AND NO/100 DOLLARS ($58,000.00). The second-lien note is secured by a second and inferior vendor's lien against, and superior title to, the Property retained in this deed and is also secured by a second-lien deed of trust of even date from Grantee to BENEDICT G. WENSKE, trustee.

**Property (Including any Improvements):**

All that certain tract or parcel of land situated in Lavaca County, Texas, a part of the Wm. Chase League, Abstract No. 9 and a part of the 300 acre tract conveyed by M. Dockery and wife, to Stephen Elsik on December 12, 1890, and also being the north portion of the 107-4/5 acre tract of land conveyed to John Brom by Stephen Elsik and wife by deed dated the 31st day of October, 1896, recorded in the Records of Deeds of Lavaca County, Texas, in Vol. 24, Page 153-154 and more particularly described in Exhibit "A" attached hereto and incorporated herein by reference.

**Reservations from Conveyance:**

For Grantor and Grantor's heirs, successors, and assigns forever, a reservation of an undivided 3/8ths of all oil, gas, and other minerals in and under and that may be produced from the Property. If the mineral estate is subject to existing production or an existing lease, the production, the lease, and the benefits from it are allocated in proportion to ownership in the mineral estate.

## VOL. 299 PAGE 770

**Exceptions to Conveyance and Warranty:**

Right of Way Deed from John Brom, et ux to the State of Texas, dated February 1, 1951, recorded in Volume 167, Page 635, Deed Records of Lavaca County, Texas.

Undivided one-fourth (1/4) interest in all of the oil, gas and other minerals in and under the herein described property, reserved by Marian Vyvjala, et al for a term of twenty-five (25) years in instrument recorded in Volume 400, Page 690 of the Deed Records of Lavaca County, Texas, together with all rights, express or implied, in and to the property herein described arising out of or connected with said interest and reservation, reference to which instrument is here made for all purposes.

Liens described as part of the Consideration and any other liens described in this deed as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2003, which Grantee assumes and agrees to pay, and subsequent assessments for that and prior years due to change in land usage, ownership, or both, the payment of which Grantee assumes.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

The vendor's lien against and superior title to the Property are retained until each note described is fully paid according to its terms, at which time this deed will become absolute.

American National Bank, at Grantee's request, has paid in cash to Grantor that portion of the purchase price of the Property that is evidenced by the first-lien note. The first and superior vendor's lien against and superior title to the Property are retained for the benefit of American National Bank and are transferred to American National Bank without recourse on Grantor to secure the first-lien note. The second and inferior vendor's lien against and superior title to the Property are retained for the benefit of Grantor to secure the second-lien note. Grantor agrees that this second and inferior vendor's lien against and superior title to the Property are and will remain subordinate and inferior to all liens securing the first-lien note, regardless of the frequency or manner of renewal, extension, or alteration of any part of the first-lien note or the liens securing it.

When the context requires, singular nouns and pronouns include the plural.

_____
BENEDICT G. WENSKE

_____
ELIZABETH WENSKE

(Acknowledgment on following page)

VOL. **299** PAGE **771**

STATE OF TEXAS                    )

COUNTY OF GONZALES            )

This instrument was acknowledged before me on __October 17__, 2003, by BENEDICT G. WENSKE and ELIZABETH WENSKE, husband and wife.

*Melanie Svoboda*
Notary Public, State of Texas

> MELANIE SVOBODA
> NOTARY PUBLIC
> STATE OF TEXAS
> My Commission Expires 08-11-2007

PREPARED IN THE OFFICE OF:

Munson & Burns
1606 N. Sarah DeWitt Drive
P.O. Box C
Gonzales, TX 78629
Tel: (830) 672-9511
Fax: (830) 672-7638

# VOL. 299 PAGE 772

## EXHIBIT "A"

All that certain tract or parcel of land situated in Lavaca County, Texas, a part of the Wm. Chase League, Abstract No. 9 and a part of the 300 acre tract conveyed by M. Dockery and wife to Stephen Elsik on December 12, 1890, and also being the north portion of the 107-4/5 acre tract of land conveyed to John Brom by Stephen Elsik and wife by deed dated the 31st day of October, 1896, recorded in the Record of Deeds of Lavaca County, Texas, in Vol. 24, Page 153-154 and described as follows, to-wit:

BEGINNING at the NE corner of said John Brom 107-4/5 acre tract, same being also the NE corner of this tract;

THENCE S. with the east boundary line of said 107-4/5 acre tract, 426.9 vrs. to a stake for the SE corner hereof, same being also the NE corner of a 51.3 acre tract this day conveyed to Jim Brown;

THENCE West with the north bdy. line of said Jim Brom tract 609.8 vrs. to a stake in the west bdy. line of said 107-4/5 acre tract for the SW corner hereof, same being also the NW corner of said Jim Brom tract;

THENCE N. with the west bdy. line of said 107-4/5 acre tract, 527.4 vrs. to a post for the extreme NW corner of said 107-4/5 acre tract;

THENCE E. with the N bdy. line of said 107-4/5 acre tract 112.3 vrs. to a post for an inside corner;

THENCE N. with the bdy. line of said 107-4/5 acre tract, 62.6 vrs. to a post in the south margin of the Moulton-Gonzales public road;

THENCE with the S. margin of said road, 545.4 vrs. to the place of beginning, containing 55 acres of land, more or less.

Being the same land described in deed dated January 27, 1988 from Georgia Raab, et al to Benedict G. Wenske, et ux and recorded in Volume 400, Page 390 of the Deed Records of Lavaca County, Texas, reference to which is here made for all pertinent purposes.

DℝU

VOL 400 PAGE 590    <u>WARRANTY DEED</u>

THE STATE OF TEXAS,:

COUNTY OF LAVACA.:                    KNOW ALL MEN BY THESE PRESENTS:

That we, GEORGIA RAAB, joined herein by her husband, EDGAR RAAB, of Lavaca County, Texas, MARIAN VYVJALA, joined herein by her husband, CLARENCE VYVJALA, of Gonzales County, Texas, MARGIE NOVAK, joined herein by her husband, VICTOR NOVAK, of DeWitt County, Texas, EMILY MIGL, a widow, of Victoria County, Texas, and MARTHA MIGL, joined herein by her husband, DAVID MIGL, of Victoria County, Texas, for and in consideration of the sum of Ten Dollars and other good and valuable consideration to us in hand paid by BENEDICT G. WENSKE and his wife, ELIZABETH WENSKE, the receipt of which is hereby acknowledged, and of the further consideration of the execution and delivery by the said BENEDICT G. WENSKE and ELIZABETH WENSKE to INDEPENDENCE SAVINGS AND LOAN ASSOCIATION of their one certain promissory note of even date herewith, in the principal sum of THIRTY-FIVE THOUSAND AND NO/100 DOLLARS ($35,000.00), payable to the order of INDEPENDENCE SAVINGS AND LOAN ASSOCIATION, at 427 St. George Street, P. O. Drawer 1889, Gonzales, Texas 78629, as therein provided and bearing interest at the rates therein specified, and which said note contains the usual default and attorney's fees clauses; and to secure the payment of which said note the vendor's lien is hereby retained against the hereinafter described property, premises and improvements, a deed of trust with the usual provisions for foreclosure and sale and containing the usual tax and insurance clauses having also been executed upon said land by the said BENEDICT G. WENSKE and ELIZABETH WENSKE to SUZANNE BENES, trustee, as further and additional security for the payment of said note; have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto the said BENEDICT G. WENSKE and wife, ELIZABETH WENSKE, whose post office

address is Route 3, Box 277, Shiner, Texas 77984, except as
hereinafter stated and subject to the easement hereinafter
mentioned, all of the following described real estate, lying
and being situated in Lavaca County, Texas, and described as
follows, to-wit:

All that certain tract or parcel of land situated in
Lavaca County, Texas, a part of the Wm. Chase League
and a part of the 300 acre tract deeded by M. Dockery
and wife, to Stephen Elsik, on Dec. 12, 1890, and also
being the north portion of the 107-4/5 acre tract of land
conveyed to John Brom by Stephen Elsik and wife, by
Deed dated the 31st day of October, 1896, recorded in
the Record of Deeds of Lavaca County, Texas, in Vol. 24,
Page 153-154, and described as follows, to wit:

BEGINNING at the NE corner of said John Brom 107-4/5 acre
tract, same being also the NE corner of this tract;
Thence S with the east boundary line of said 107-4/5
acre tract, 426.9 vrs. to a stake for the SE corner
hereof, same being also the NE corner of a 51.3 acre
tract this day conveyed to Jim Brom;
Thence West with the north bdy. line of said Jim Brom
tract 609.8 vrs. to a stake in the west bdy. line of said
107-4/5 acre tract for the SW corner hereof, same being
also the NW corner of said Jim Brom tract;
Thence N with the west bdy line of said 107-4/5 acre tract,
527.4 vrs. to a post for the extreme NW corner of said
107-4/5 acre tract;
Thence E with the N bdy. line of said 107-4/5 acre tract 112.3
vrs. to a post for an inside corner;
Thence N with the W bdy. line of said 107-4/5 acre tract,
62.6 vrs. to a post in the south margin of the Moulton-
Gonzales public road;
Thence with the S margin of said road, 545.4 vrs. to the
place of beginning, containing 55 acres of land, more or
less; and being the same land described in that certain
Deed from Mary Brom et al to John Brom, dated Jan. 22, 1946,
appearing of record in Vol. 148, P. 354, of the Deed Records
of Lavaca County, Texas, to which reference is hereby made.

TO HAVE AND TO HOLD the above described premises, together
with all and singular the rights and appurtenances thereto in
anywise belonging unto the said BENEDICT G. WENSKE and ELIZABETH
WENSKE, their heirs and assigns, forever, and we do hereby bind
ourselves, our heirs, executors and administrators, to warrant
and forever defend all and singular the said premises unto the
said BENEDICT G. WENSKE and ELIZABETH WENSKE, their heirs and
assigns, against every person whomsoever lawfully claiming,

or to claim the same, or any part thereof: PROVIDED AND EXCEPT, however, this conveyance is made expressly subject to an easement contained in Right of Way Deed from John Brom, et ux., to the State of Texas, dated February 1, 1951, recorded in Volume 167, Page 635, of the Deed Records of Lavaca County, Texas.

Anything in the foregoing conveyance to the contrary notwithstanding, it is expressly agreed and stipulated that out of the sale hereby made there is expressly excepted and reserved to the grantors herein, MARIAN VYVJALA and MARGIE NOVAK, their heirs and assigns, in the proportions of an undivided one-eighth (1/8th) to MARIAN VYVJALA and an undivided one-eighth (1/8th) to MARGIE NOVAK, an undivided one-fourth (1/4th) interest in and to all of the oil royalty, gas royalty, and royalty in casinghead gas, gasoline and royalty in other minerals in and under and that may be produced from the above described tract or parcel of land, or any part thereof, for a period of twenty-five (25) years from and after the date of this conveyance and as long thereafter as oil or gas or other mineral is produced from said land in paying or commercial quantities, said excepted and reserved interest in and to said oil, gas and other minerals to be a royalty interest and to be delivered to the grantors herein, MARIAN VYVJALA and MARGIE NOVAK, their heirs and assigns, or to their respective credits, in the proportions of an undivided one-eighth (1/8th) to MARIAN VYVJALA and an undivided one-eighth (1/8th) to MARGIE NOVAK, free and clear of all costs and expenses of production, development and/or operation, but subject to its proportionate part of any taxes levied against or on such interest in said production. This reservation and exception shall be subject to the terms of any oil, gas and mineral lease now in force covering said tract or parcel of land above described, or any part thereof, as well as any oil, gas and/or mineral lease or leases hereinafter provided for, PROVIDED, however, that the grantors herein, MARIAN VYVJALA and MARGIE

NOVAK, shall receive one-fourth (1/4th) of the royalties provided for in any such lease or leases and the same shall be delivered or paid to the credit of grantors herein, MARIAN VYVJALA and MARGIE NOVAK, their heirs or assigns, out of the royalty provided for under the terms of any lease or leases. It is understood and agreed that grantors herein, MARIAN VYVJALA and MARGIE NOVAK, do not by these presents, reserve any right to participate in the making or execution of any future oil, gas and/or mineral lease or lease covering the above described tract or parcel of land, or any portion thereof, or any interest therein, and the grantors herein, MARIAN VYVJALA and MARGIE NOVAK, authorize and empower said grantees, their heirs or assigns, to execute any such oil, gas and mineral lease or leases which they may desire in their own name without joinder of the grantors herein, MARIAN VYVJALA and MARGIE NOVAK, their heirs and assigns, provided that any such oil, gas and/or mineral lease or leases shall provide for a royalty on oil, gas and/or other minerals of not less than one-eighth (1/8th) of all oil, gas and/or other minerals produced and saved under any such lease or leases. Nevertheless, in the event that any existing or future oil, gas and/or mineral lease provides for a royalty in excess of one-eighth (1/8th) of the oil, gas and/or minerals, grantors herein, MARIAN VYVJALA and MARGIE NOVAK, shall share in said royalty provided for in such lease or leases to the extent of an undivided one-fourth (1/4th) thereof. It is further understood and agreed that the grantors herein, MARIAN VYVJALA and MARGIE NOVAK, do not, by virtue of this reservation and exception, acquire any right to participate in any bonus or bonuses which the grantees herein, their heirs or assigns, shall receive from any future lease or leases, nor to participate in any rental to be paid for the privilege of deferring the commencement of any well under the terms of any such lease or leases heretofore or hereafter executed covering said tract or parcel of land above described, or any

portion thereof, or any interest therein. In the event that the grantees herein, their heirs, executors, administrators or assigns, in the status of fee owner or fee owners of any portion thereof, or any interest therein, shall develop and/or operate said tract or parcel of land, or any portion thereof, in the production of oil, gas or other minerals therefrom, then the grantors herein, MARIAN VYVJALA and MARGIE NOVAK, shall own and be entitled to receive as a free royalty, free and clear of all costs and expenses, one-fourth (1/4th) of the oil, gas and/or other minerals produced and saved under any such operation. If (1) at the expiration of twenty-five (25) years from date of this conveyance, oil, gas or other minerals, or either of them, is not then being produced or mined from said tract of land above described, or any portion thereof, in paying or commercial quantities, or if (2) at the expiration of twenty-five (25) years from date hereof, oil, gas or other minerals, or either of them, is being produced or mined from the above described land, or any portion thereof, in paying or commercial quantities and such production shall thereafter cease, then upon the occurrence of either of such events, this reservation and exception shall terminate and be of no further force and effect, and all right, title and interest in and to said oil, gas and other minerals herein excepted and reserved to the grantors herein, MARIAN VYVJALA and MARGIE NOVAK, shall pass to and vest in the grantees herein, their heirs and assigns, forever.

But it is expressly agreed and stipulated that the vendor's lien is hereby retained against the above described property, premises and improvements until the above described note and all interest thereon is fully paid according to its face and tenor, effect and reading, when this deed shall become absolute.

And in consideration of the aforesaid sum of $35,000.00 cash to us in hand paid by INDEPENDENCE SAVINGS AND LOAN

ASSOCIATION, and evidenced and represented by the above described note, the receipt of which is hereby acknowledged, we do hereby transfer, assign and convey unto the said INDEPENDENCE SAVINGS AND LOAN ASSOCIATION, a corporation duly incorporated under and by virtue of the laws of the State of Texas, and having its principal office at Gonzales, in Gonzales County, Texas, the contract lien, vendor's lien and all other liens securing the payment of the hereinabove described note.

WITNESS OUR HANDS on this the 27th day of January, A. D. 1988.

_____
GEORGIA RAAB

_____
EDGAR RAAB

_____
MARIAN VYVJALA

_____
CLARENCE VYVJALA

_____
MARGIE NOVAK

_____
VICTOR NOVAK

_____
EMILY MIGL

_____
MARTHA MIGL

_____
DAVID MIGL

THE STATE OF TEXAS,:

COUNTY OF LAVACA.:

This instrument was acknowledged before me on January _27th_, A. D. 1988, by EDGAR RAAB and his wife, GEORGIA RAAB.

MY COMMISSION EXPIRES:
_5/31/89_

_____
Notary Public in and for the State of Texas.

_Ethlyne Zappe_
_____
Printed Name of Notary

THE STATE OF TEXAS,:

COUNTY OF GONZALES.:

This instrument was acknowledged before me on ~~January~~ *February* _and_, A. D. 1988, by CLARENCE VYVJALA and his wife, MARIAN VYVJALA.

MY COMMISSION EXPIRES:

_____

Notary Public in and for the State of Texas.

_____
Printed Name of Notary

THE STATE OF TEXAS,:

COUNTY OF DEWITT.:

This instrument was acknowledged before me on January _27th_, A. D. 1988, by VICTOR NOVAK and his wife, MARGIE NOVAK.

MY COMMISSION EXPIRES:
5/31/89

Notary Public in and for the State of Texas.

*Ethlyne Zappe*
_____
Printed Name of Notary

THE STATE OF TEXAS,:

COUNTY OF VICTORIA.:

This instrument was acknowledged before me on January _27th_, A. D. 1988, by EMILY HIGL, a widow.

MY COMMISSION EXPIRES:
5/31/89

Notary Public in and for the State of Texas.

*Ethlyne Zappe*
_____
Printed Name of Notary

THE STATE OF TEXAS,:

COUNTY OF VICTORIA.:

This instrument was acknowledged before me on January 27th,

A. D. 1988, by DAVID MIGL and his wife, MARTHA MIGL.

MY COMMISSION EXPIRES:
5/31/89

Notary Public in And for
the State of Texas.

Ethlyus Zappa

Printed Name of Notary

---

60831

WARRANTY DEED

Georgia Raab, et vir., et al.

to

Benedict G. Wenske, et ux.

FILED FOR RECORD
At 4:10 O'clock P .M

FEB 4 1988

HENRY J. SITKA CLERK
COUNTY COURT, LAVACA CO., TEXAS
By _____

Filed by Glenda Trlicek
Paid and return to
Independence Savings & Loan
Association
P.O. Drawer H
Moulton, Texas 77975
Attn: Marion Novosad

---

RECORDED THE 8th. DAY OF February A.D. 1988, HENRY J. SITKA, CLERK

BY _____ DEPUTY        COUNTY COURT, LAVACA COUNTY, TEXAS.

Cause No. 13-10-22530CV

| | | |
|---|---|---|
| BENEDICT G. WENSKE AND | § | IN THE DISTRICT COURT |
| ELIZABETH WENSKE | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 25TH JUDICIAL DISTRICT OF |
| | § | |
| STEVE EALY, DEBORAH EALY, | § | |
| AND | § | |
| PENN VIRGINIA OIL & GAS, L.P. | § | |
| Defendants. | § | LAVACA COUNTY, TEXAS |

REFORMED FINAL JUDGMENT

BEING IT REMEMBERED that on April 17, 2014 came on to be considered Steve and Deborah Ealy's ("Counter-Plaintiffs" herein) Defendants' Motion for Traditional Summary Judgment as well as Benedict and Elizabeth Wenske's ("Counter-Defendants" herein) Petitioner's Motion for Summary Judgment for Declaration of Royalty Interests concerning oil, gas and other minerals under the following tract of land:

> All that certain tract or parcel of land situated in Lavaca County, Texas, a part of the Wm. Chase League, Abstract No. 9 and a part of the 300 acre tract conveyed by M. Dockery and wife, to Stephen Elsik on December 12, 1890, and also being the north portion of the 107-4/5 acre tract of land conveyed to John Brom by Stephen Elsik and wife by deed dated the 31st day of October, 1896, recorded in the Records of Deeds of Lavaca County, Texas, in Vol. 24, Page 153-154, this land being more specifically described as a 55-acre tract, more or less, conveyed in a deed from Benedict G. Wenske and Elizabeth Wenske to Steve Ealy and Deborah Ealy dated October 17, 2003 and recorded in the Official Records of Lavaca County at Vol. 299, Page 769. (The "Property")

The Court considered all the pleadings, summary-judgment proof before it, and the arguments of counsel made in open Court; the Court granted Defendants' Motion for Traditional Summary Judgment and the Court denied Petitioner's Motion for Summary Judgment for Declaration of Royalty Interests. Thereafter on the 13th day of August, 2014, came on to be considered Counter-Plaintiffs' claims for attorneys fees, and the Court then considered all pleadings, evidence and arguments of counsel regarding the Counter-Plaintiffs' claims for attorneys fees.

AS A MATTER OF LAW IT IS, THEREFORE, ORDERED, ADJUDGED AND

DECREED:

1. That the Warranty Deed with Vendor's Lien from Counter-Defendants to Counter-

Final Judgment, Cause No. 13-10-22530CV – Page 3
\\SERVER\Data\M\Wenske, Ben-Ansk\Pxijo02 - rnffine.docx
ATU 11-26-14

Plaintiffs, found of record in Vol. 299, Page 769 of the Official Records of Lavaca County, Texas ("Deed") and covering the Property conveyed to the Counter-Plaintiffs, Steve and Deborah Ealy, conveyed a 5/8ths mineral interest in fee as well as all of the surface in the Property.

2.      That the 3/8ths mineral interest reserved by the Counter-Defendants and the 5/8ths mineral interest conveyed to the Counter-Plaintiffs in the Deed will proportionately bear in accordance with the reserved and conveyed mineral interests in the Deed, the royalty reservation created in that certain deed from Georgia Raab, Edgar Raab, Marian Vyvjala, Clarence Vyvjala, Margie Novak, Victor Novak, Emily Migl, Martha Migl, and David Migl to Counter-Defendants dated January 27ᵗʰ, 1988 and recorded in the Official Records of Lavaca County at Vol. 400, Page 590.

3.      That each party shall be responsible for their respective attorney's fees.

4.      That costs of court incurred in this case will be borne by the Party that incurred them.

5.      That any amounts deposited into the registry of the Court by Interpleader Penn Virginia Oil & Gas L.P. related to this action shall be paid out to Counter-Plaintiffs.

6.      Counter-Plaintiffs may have execution, writs of possession or such other writs or process as may be necessary for the enforcement and collection of this judgment and the costs of court.

The Court has previously entered the parties' Agreed Order Discharging Interpleader and defendant Penn Virginia Oil & Gas, L.P. This judgment finally disposes of all claims presented in this case and all parties. All other relief not expressly granted is denied.

SIGNED this 9 day of December, 2014.

_____
JUDGE PRESIDING

AGREED:

_____
Robert C. McKay
Attorney for Defendants/Counter-Plaintiffs

Final Judgment, Cause No. 13-10-22530CV – Page 3

\\SERVER\Data\bob\Wendis, Ron-Annis\Final x1 - redline.docx
ATU 11-26-14

Steve and Deborah Ealy


AGREED AS TO FORM ONLY:

_Shannon T. Moore_
Shannon T. Moore
Attorney for Plaintiffs/Counter Defendants
Benedict and Elizabeth Wenske

\\SERVER\DocData\Wenske, Ben-Austin\Pldgs\SJ - redition.docx
ATU 11-26-14